SARAH GOOD HOSIERY MILLS, INC., Successor to GOOD-McCURRY HOSIERY MILLS, v. CAROLINA, CLINCHFIELD & OHIO RAILWAY.

(Filed 9 October, 1940.)

Carriers § 8—Railroad company is under duty to exercise due care to locate loading facilities so they will not unnecessarily damage others.

Plaintiff's complaint alleged that defendant railroad company located loading facilities for a stone and lime quarry directly across its tracks from plaintiff's mill, that plaintiff's machinery and plant were damaged by the clouds of dust thrown into the air from the operation of the loading facilities, and that the loading facilities could have been located without inconvenience to defendant or its shippers at a place where they would have caused no injury to plaintiff. *Held:* Defendant's demurrer to the complaint was properly overruled, since a railroad company is required to exercise due care in the selection of sites for loading facilities so as not to unnecessarily inconvenience or damage others, and if more than one site is reasonably available it should select the one which will cause less inconvenience and damage.

APPEAL by defendant from *Bobbitt, J.*, at July Term, 1940, of McDOWELL.

This case has been before us upon an appeal from a refusal to grant a petition for removal to the United States District Court. 216 N. C., 474. It is now before us upon an appeal from a judgment overruling a demurrer upon the ground that the complaint fails to state facts sufficient to constitute a cause of action.

*Jordan & Horner and E. H. McMahan for plaintiff, appellee.*

*James J. McLaughlin, J. W. Pless, and Robert W. Proctor for defendant, appellant.*

SCHENCK, J. The gravamen of the complaint is that the defendant wrongfully, arbitrarily and negligently located its loading facilities at a site where it knew, or by the exercise of reasonable care should have known, that injury and damage would result to the plaintiff from the

use thereof, when there were other sites available and equally convenient to the defendant and its customers for the location of such loading facilities where no injury nor damage would result to the plaintiff or others from the use thereof, and that by so locating such facilities the defendant created a nuisance, which proximately caused damage to the property of the plaintiff.

The allegations are to the effect that the plaintiff owned a hosiery mill which had been located for many years near the railroad track of the defendant at Sevier, North Carolina, and that a rock quarry and lime deposit were discovered near by, and in order to furnish loading facilities for customers of the defendant who desired to ship the crushed stone and pulverized lime over its railroad the defendant constructed a ramp or raft at Sevier directly across its track from the plaintiff's hosiery mill, and that when the trucks of the customers ran upon the ramp or raft and dumped the crushed stone and pulverized lime to be precipitated by gravity into the cars of the defendant, great clouds of dust and dirt were caused to arise and settle in the mill of the plaintiff greatly damaging its delicate machinery and costly materials therein.

The complaint alleges: "That as hereinbefore alleged, the rights and property rights of this plaintiff had long been situate at Sevier, and its rights and property rights had attached, and it was the duty of the defendant railway company, in the ordinary use of its facilities, to use reasonable care and diligence not to injure and destroy the property and property rights and the business of this plaintiff; that at all times there was sufficient and ample room to accommodate the customers hereinbefore referred to, to wit: the owners and operators of said rock quarry and lime deposit, at a distance away from the mill of this plaintiff, but that the said loading facilities were negligently, carelessly, arbitrarily and unnecessarily placed where they were, and where they would and were obliged to in the ordinary and common use of the same create a nuisance and utterly destroy the machinery and the material and the business of this plaintiff; that in the exercise of ordinary care the same could have been placed at a much more convenient spot both for the convenience of the customers and this plaintiff and without injury to either, but to the contrary thereof, the defendant negligently, carelessly, willfully, wantonly, and in an arbitrary manner, so located, or permitted, allowed, suffered and directed its customers to so locate its ramps, rafts, inclines and so forth, and extended its sidetracks to accommodate the same, at a place where the ordinary operation of the same was compelled to create a nuisance to and did destroy the property, property rights and business of this plaintiff."

The holding with us, and of other jurisdictions which we have investigated, is that railroads while they may have the right to locate, construct

and maintain loading facilities for their customers, or permit such customers to so locate, construct and maintain such facilities, in the selection of the sites for such facilities, as well as in the construction and maintenance thereof, they are required to exercise due care not to unnecessarily inconvenience and damage others, and if more than one site is reasonably available for such location the site that will the less inconvenience or damage others should be chosen.

In *Taylor v. R. R.,* 145 N. C., 400, it is written: "While we hold that a railway lawfully operated with reasonable care, however disagreeable it may be to the residents of the neighborhood, is not an actionable nuisance, we are far from holding that it cannot be so operated and conducted as to become one."

". . . the limitation (upon the doctrine of immunity of railroads from liability for damage to others from their operation) is always annexed, that the right be exercised 'in a lawful way,' that is, in respect to those who suffer damage, with due care for their rights. When done negligently, and without due regard for such rights, there is *damnum et injuria,* that is, in contemplation of the law *injuria,* which is always actionable. We find the same limitation imposed upon the doctrine in all of the cases, from other jurisdictions, cited in defendant's brief." *Thomason v. R. R.,* 142 N. C., 300. See, also, Annotations, 6 A. L. R., 729, *et seq.*

In *Thomason v. R. R., supra,* is cited with approval *R. R. v. Baptist Church,* 108 U. S., 317, 27 Law Ed., 739, which was an action to recover damage for the wrongful and negligent location of its work shops near the church of the plaintiff by a railroad which was authorized by Congress to construct its tracks and necessary works in the District of Columbia, wherein it is said: "Whatever the extent of the authority conferred, it was accompanied with this implied qualification: that the works should not be *so placed* as by their use to unreasonably interfere with and disturb the peaceful and comfortable enjoyment of others in their property. Grants of privileges or powers to corporate bodies, like those in question, confer no license to use them in disregard of the private rights of others, and with immunity for their invasion. The great principle of the common law, which is equally the teaching of Christian morality, so as to use one's property as not to injure others, forbids any other application or use of the rights and powers conferred. . . ."

"Nor could such authority be invoked to justify acts, creating physical discomfort and annoyance to others in the use and enjoyment of their property, to a less extent than entire deprivation, if *different places* from those occupied could be used by the corporation for its purposes, without causing such discomfort and annoyance."

We are of the opinion, and so hold, that the judgment of the Superior Court overruling the demurrer should be sustained, and it is so ordered.
Affirmed.